JOURNAL ENTRY AND OPINION
{¶ 1} Pedro Ruiz appeals the decision of the trial court in its ruling of June 2, 2004, which denied his post-conviction application for DNA testing. For the reasons that follow, we dismiss this appeal for lack of a final appealable order.
 {¶ 2} Appellant pleaded guilty to one count of rape and one count of sexual imposition on February 4, 2003. He received an agreed sentence of ten years and was classified as a sexual predator. Appellant did not appeal his conviction and sentence.
 {¶ 3} On April 13, 2004, appellant filed an application for DNA testing, which the trial court denied on June 2, 2004. Appellant filed a notice of appeal with respect to that ruling on July 1, 2004.
 {¶ 4} Appellant also filed a Motion to Withdraw Guilty Plea on June 23, 2004. That motion was denied without hearing on November 16, 2004.[1]
However, on October 14, 2004, appellant filed his merit brief in the instant matter, pro se, which addressed only the denial of his Motion to Withdraw Guilty Plea, but does not address the denial of the application for DNA testing.[2]
 {¶ 5} R.C. 2953.82(D) states: "If the prosecuting attorney disagrees that the inmate should be permitted to obtain DNA testing under this section, the prosecuting attorney's disagreement is final and is not appealable by any person to any court, and no court shall have authority, without agreement of the prosecuting attorney, to order DNA testing regarding that inmate and the offense or offenses for which the inmate requested DNA testing in the application." The prosecutor filed his Statement of Disagreement in the case at bar with the trial court on May 25, 2004. Pursuant to the controlling statute, the trial court correctly denied the appellant's application for DNA testing, citing R.C. 2953.82(D).
 {¶ 6} Therefore, the denial of appellant's application for DNA testing is not a final appealable order, and this court lacks jurisdiction to review the trial court's determination on that issue. Further, we decline to address appellant's arguments with respect to the denial of his Motion to Withdraw Guilty Plea since the instant appeal was taken not from the November 16, 2004 order, but from the earlier denial of the DNA application on June 2, 2004, as discussed above.
Case dismissed.
It is ordered that appellee recover of appellant costs herein taxed.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Gallagher, J., and Kilbane, J., concur.
[1] Appellant filed a notice of appeal of that decision in appellate Case No. 85649, which remains pending.
[2] Appellant's two assignments of error:
"I. The trial Court erred to the prejudice of Appellant when the trial Court denied Appellant's Motion to Withdraw his Guilty Plea, pursuant to Criminal Rule 32.1 to correct a Manifest Miscarriage of Justice, and further denied Appellant an Oral Hearing as required by the provision of Criminal Rule 32.1."
"II. The trial Court Abuses its discretion by denying Appellant an evidentiary hearing on his Motion to Withdraw Guilty plea pursuant to Criminal Rule 32.1 to correct a Manifest Miscarriage of Justice."